# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT T. DEWENTER,

    Plaintiff,  :  Case No. 3:09-cv-400

                                    District Judge Walter Herbert Rice
  -vs-                            Magistrate Judge Michael R. Merz

                                 :

TPI ASSET MANAGEMENT, LLC, et al.,

    Defendants.

## EXPLANATION OF STATUS OF SERVICE

This case is before the Court on Plaintiff's Submission of Proof of Service or Waiver (Doc. No. 4).

Before a court can exercise its authority over a defendant, the court must obtain what is known as personal jurisdiction, i.e., jurisdiction of the person of the defendant. The traditional way to achieve personal jurisdiction is to serve the defendant with a summons, a formal order from the court notifying the person that they have been sued and ordering them to respond within a stated period of time. The summons must be accompanied by a copy of the complaint so that the defendant knows what he or she must answer,

Because serving a summons can be a complicated and expensive matter, in 1993 the Supreme Court adopted the waiver process as an alternative. To encourage defendants to waive formal service of process, Fed. R. Civ. P. 4 was amended to add (1) a carrot: waiving defendants would get 60 days to answer instead of 20, and (2) a stick: defendants who refused to waive would have to pay the costs of service. In this Court's opinion, the waiver experiment has been unsuccessful, at least in this judicial district, because very few defendants actually waive service.

That is apparently what has happened here. Although, according to Plaintiff's Submission, Defendants have been requested to waive service, they have not done so. Therefore, Plaintiff must proceed to make formal service of process by one of the methods set forth in Fed. R. Civ. P. 4 for service on an association. If Plaintiff chooses to use certified mail service, it must be done by the Clerk and, as Plaintiff is aware, all the required paperwork must be prepared by Plaintiff and brought to the Clerk for issuance. If Plaintiff should choose some other method of service, such as delivery to an officer or other authorized agent, he should note that service can be made by any person who is at least 18 years old and not a party, so that Plaintiff cannot make the delivery himself.

Given Plaintiff's good faith efforts and apparent lack of understanding of the subtleties of service, the Court would be prepared to extend the deadline for service upon written motion.

January 9, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge