# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT T. DEWENTER,

      Plaintiff,  :  Case No. 3:09-cv-400

                                            District Judge Walter Herbert Rice
  -vs-                               Magistrate Judge Michael R. Merz
                                   :

TPI ASSET MANAGEMENT, LLC, et al.,

      Defendants.

**REPORT AND RECOMMENDATIONS; ORDER DENYING EXTENSION OF TIME**

      This case is before the Court on Defendants' Motion to Dismiss (Doc. No. 11), Plaintiff's Motion for Summary Judgment (Doc. No. 13), and Defendants' Motion to Extend to April 30, 2010, their time to respond to Plaintiff's Motion for Summary Judgment (Doc. No. 14).

      Because Plaintiff is proceeding *pro se,* he was notified by the Court of his obligation to respond to the Motion to Dismiss and that the response was due by February 25, 2010 (Doc. No. 12). Although Plaintiff does not say so in the body of his Motion for Summary Judgment, the Court takes it to be his response, given its timing; no separate memorandum in opposition was filed by February 25, 2010.

**Plaintiff's Summary Judgment Motion**

      Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On

1

a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Alexander v. Caresource,* 576 F.3d 551 (6th Cir. Ohio 2009), citing *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002).

Because summary judgment practice requires factual determinations short of trial, the evidence which may be used to support such a motion is strictly limited. Fed. R. Civ. P. 56(e) provides in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Cursory examination of Plaintiff's summary judgment motion shows that, although it contains many factual assertions, none of them is supported by evidence of the type and quality required by Fed. R. Civ. P. 56(e). Therefore Plaintiff's Motion for Summary Judgment should be denied. Given this recommendation, Defendants' Motion for Extension of Time is moot and is therefore denied.

**Defendants' Motion to Dismiss and for Sanctions**

Defendants bring their Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) whose purpose is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Put another way, "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

Rather than focus on any insufficient pleadings of fact, however, Defendants assert that they are not debt collectors under the Fair Debt Collections Practice Act ("FDCPA") because TPI Asset Management, LLC owns the debt in question by assignment and Gamble, Hartshorn part own, Defendants' trial attorney Bryan Johnson, is a part owner of TPI and the firm has a large probate practice (Motion, Doc. No. 11, at 6-9). Assuming these asserted facts would constitute complete

defenses, they must be proved and Defendants have also not supported their Motion by the type and quality of evidence which would ground a summary judgment motion. For example, for proof of Gamble, Hartshorn's probate practice, Defendants refer the Court to the "online docket for the Probate Court of Franklin County, Ohio." *Id.* at 8. A trial judge faced with a summary judgment motion is not required to search the record for evidence. *United States v. WRW Corporation,* 986 F.2d 138, (6th Cir. 1993). *A fortiori*, a trial judge is not required to count cases filed by a particular law firm in the online docket of another court to find evidence in support of a motion to dismiss.

To the extent Defendants deal with the allegations actually made in the Complaint, they merely cite in conclusory fashion to authority holding that conclusory allegations are insufficient. *Id.* at 9-10. To the contrary, Plaintiff's allegations of facts are quite detailed about what Defendants did to him by what means on what occasions. Whether those quite specific allegations are sufficient under the FDCPA is a matter not really addressed by Defendants' Motion.

**Defendants' Affirmative Defenses**

In large part the Defendants' Motion to Dismiss is based on affirmative defenses which they assert are proper to be considered on a motion to dismiss. Of course, affirmative defenses which are disclosed by the face of the Complaint can be decided on a motion to dismiss. For example, a statute of limitations defense may be raised and decided on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) when it is apparent on the face of the complaint. *Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir. 1981); *Lundblad v. Celeste*, 874 F.2d 1097 (6th Cir. 1989).

In general, however, a federal court may not consider any facts outside the complaint and any attached exhibits on a motion to dismiss for failure to state a claim. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). When matters outside the pleadings are presented to and

considered by the court in a Rule 12(b)(6) motion, the motion is treated as one for summary judgment. *See Friedman v. United States,* 927 F.2d 259, 261 (6th Cir. 1991). However, a court may consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies. *Jackson v. City of Columbus,* 194 F.3d 737 (6th Cir. 1999). The affirmative defenses on which Defendants rely will be considered seriatim.

## Failure to Remove to Federal Court

Defendants assert that they are entitled to dismissal because TPI sued Mr. Dewenter in the Montgomery County Common Pleas Court to collect the debt involved and he did not remove that case to federal court.

The case in question is *TPI Asset Management v. Dewenter*, Case No. 2009CV8101, filed October 5, 2009, in which TPI sued Mr. Dewenter in three counts for recovery of approximately $17,500 on a credit card account (Copy of Complaint attached as Exhibit A to Doc. No. 11). Mr. Dewenter responded with an Answer and Counterclaim under the FDCPA. *Id.*, Exhibit B.

Defendants assert that "if he [Dewenter] wanted to raise those [FDCPA claims] in this Court he was required to do so by removing them to this Court within 30 days after service of TAM's state court Summons," relying on 28 U.S.C. § 1446, the procedure for removal.

Mr. Dewenter could not have removed the Common Pleas case to this Court because this Court would not have had subject matter jurisdiction over it. TPI and Dewenter are both residents of Ohio and the amount in controversy is well under $75,000, so there would be no federal jurisdiction under 28 U.S.C. § 1332. Claims under the FDCPA arise under federal law, so this Court has jurisdiction of such claims under 28 U.S.C. § 1331.

Although this Court has original jurisdiction over FDCPA claims, it does not have removal

5

jurisdiction over cases where the federal question is presented in a counterclaim, rather than by a plaintiff's original well-pleaded complaint. That is to say, a defendant cannot create federal removal jurisdiction by pleading a federal cause of action in a counterclaim. Wright, Miller, Cooper & Steinman, Federal Practice and Procedure, Civil 4th, § 3722, citing, *inter alia, Vaden v. Discover Bank*, ___ U.S. ___, 120 S. Ct. 1262 (2009). Because this Court would not have had subject matter jurisdiction over the Common Pleas case if Mr. Dewenter had attempted to remove it, the case should not be dismissed on grounds he failed to do so within thirty days of receiving the Summons in Common Pleas.

**Collateral Estoppel and Claim Preclusion**

Defendants assert that Plaintiff's FDCPA claims are barred by the doctrines of collateral estoppel and claim preclusion because they were dismissed by Judge Tucker in Common Pleas (Motion, Doc. No. 11, at 4-5).

In support of this argument, Defendants appropriately cite Ohio law, because federal courts in subsequent litigation are obliged to give prior state court judgments the same effect those judgments would be given in the courts of the rendering State. 28 U.S.C. §1738, *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985); *Migra v. Warren City School District Board of Edn.,* 465 U.S. 75 (1984); *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461 (1982); *Trafalgar Corp. v. Miami County,* 519 F.3d 285 (6th Cir. 2008), citing *Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 (6th Cir. 2007);*Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987); *McNasby v. Crown Cork and Seal Co., Inc.,* 888 F.2d 270 (3d Cir. 1989).

Under Ohio law:

> A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.

*Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 653 N.E. 2d 226 (1995), syllabus. (Paragraph two of the syllabus of *Norwood v. MacDonald,* 142 Ohio St. 299, 52 N.E.2d 67 (1943), overruled; paragraph two of the syllabus of *Whitehead v. Gen. Tel. Co.*, 20 Ohio St. 2d 108, 254 N.E. 2d 10 (1969), overruled to the extent inconsistent herewith; paragraph one of the syllabus of *Norwood, supra*, and paragraph one of the syllabus of *Whitehead, supra,* modified; 1 Restatement of the Law 2d, Judgments (1982), §§24-25, approved and adopted.)

This Court has recognized that the relevant Ohio claim preclusion doctrine is set forth in *Grava v. Parkman Twp*., 73 Ohio St. 3d 379, 653 N.E. 2d 226 (1995):

> In Ohio, a party seeking to invoke the doctrine of *res judicata* must prove four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction;(2) a second action involving the same parties or their privies, as the first;(3) a second action raising claims that were or could have been litigated in the first action; and(4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Ater v. Follrod,* 238 F. Supp. 2d 928, 937 (S.D. Ohio 2002)(Holschuh, J.), quoting *In re Fordu*, 201 F.3d 693, 703-04 (6th Cir. 1999)(construing Ohio law).

The docket of the Common Pleas case shows that TPI filed a motion to dismiss Mr. Dewenter's claim under the FDCPA on November 19, 2009. Mr. Dewenter did not respond within the time allowed by the Local Rules of the Montgomery County Common Pleas Court (fourteen days) and still had not done so almost three weeks later when Judge Hall granted the motion and dismissed the counterclaim (Order Granting . . .Motion to Dismiss, Exhibit D to Doc. No. 11). Under Ohio R. Civ. P. 41(B)(3), an order of involuntary dismissal acts as an adjudication on the merits unless the order otherwise specifies, and Judge Hall's Order does not specify that it is without prejudice. Thus

Plaintiff's FDCPA claim was dismissed with prejudice (i.e. on the merits) by Judge Hall and its relitigation in this Court is barred by *res judicata* or claim preclusion.

**Plaintiff's Claims are *In Rem***

Defendants assert that because Plaintiff's claims are *in rem*, this Court and the Common Pleas Court cannot exercise jurisdiction over them at the same time. A cursory reading of the Complaint shows that it seeks a personal judgment against the Defendants and is in no way based on an assertion of *in rem* jurisdiction. To put it colloquially, the Magistrate Judge simply cannot tell where Defendants are coming from with this argument.

**Motion for Sanctions**

Defendants seek sanctions under Fed. R. Civ. P. 11 on the grounds that there is no legal or factual basis for Plaintiff's Complaint. Given that the affirmative defense of *res judicata* upon which dismissal is being recommended is relatively arcane, from the perspective of a layperson, and that Defendants' Motion to Dismiss depends upon factual assertions not supported by evidence, the Court should deny sanctions under Fed. R. Civ. P. 11 as the Magistrate Judge believes dismissal under Fed. R. Civ. P. 12(b)(6) will be sufficient in itself to deter further filings.

**Conclusion**

Plaintiff's Motion for Summary Judgment is without proper evidentiary support and should be denied. Defendants' Motion to Dismiss is without merit except for their valid claim of claim

preclusion. On the basis of that defense, the Complaint should be dismissed with prejudice. Defendants' Motion for Sanctions should be denied.

February 26, 2010.

                                                                                      s/ **Michael R. Merz**
                                                                    United States Magistrate Judge


**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).